UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JO ELLE BIVENS, )
 )
      **Plaintiff,** )
 )
v. ) Case No. 14-CV-0524-CVE-FHM
 )
PORTFOLIO RECOVERY ASSOCIATES, )
LLC, )
 )
      **Defendant.** )

## OPINION AND ORDER

Now before the Court is defendant's motion to vacate the entry of default. Dkt. # 10. Plaintiff moved for an entry of default against defendant for failure to file a responsive pleading or motion. Dkt. # 6. The Court Clerk granted plaintiff's motion. Dkt. # 7. Defendant now asks this Court to vacate the entry of default because plaintiff failed to serve defendant with written notice, as required by Federal Rule of Civil Procedure 55(b), and because defendant can show good cause under Rule 55(c). Id. at 1.[1] Plaintiff has not responded, and the time to do so has expired.[2]

**I.**

Plaintiff filed her complaint on September 2, 2014, alleging that defendant engaged in debt collection practices that violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Dkt. # 2. Service of process was accomplished by certified mail on September 19, 2014. Dkt. # 5.

---

[1] As the Court finds that good cause exists under Rule 55(c), the Court does not address defendant's argument that it was entitled to notice under Rule 55(b).

[2] Under Local Civil Rule 7.2(e), a response to a motion is due "within twenty-one (21) days from the date the motion was filed." Defendant filed its motion on October 23, 2014. Thus, plaintiff's response was due no later than November 13, 2014.

Defendant had until October 10, 2014, to file its answer. FED. R. CIV. P. 12(a)(1)(A)(i). Defendant states that the litigation counsel assigned to this case sent an e-mail to plaintiff's counsel on October 10, 2014, requesting additional time to answer. Id. at 1-2; see also Dkt. # 10-1. In her e-mail to plaintiff's counsel, defendant's counsel stated that, because of recent business travels, she had not yet had time to review the complaint or prepare a response. Dkt. # 10-1. The e-mail was sent to the e-mail address that plaintiff's counsel provided in the complaint. Compare Dkt. # 2, at 5, with Dkt. # 10-1. Plaintiff's counsel did not respond to the e-mail, and on October 13, 2014--the next business day--plaintiff moved for a an entry of default. Dkt. # 10, at 2, see also Dkt. # 6. The Court Clerk granted plaintiff's motion on October 14, 2014. Dkt. # 7. On October 23, 2014, defendant filed its motion to vacate the entry of default. Dkt. # 10.

**II.**

Pursuant to Rule 55(c), defendant asks this Court to set aside the Court Clerk's entry of default because it can show good cause. Dkt. # 10, at 1. The Tenth Circuit disfavors default judgments. See Katzson Bros., Inc. v. U.S. Envtl. Prot. Agency, 839 F.2d 1936, 1999 (10th Cir. 1988); Polaski v. Colo. Dep't of Transp., 198 F. App'x 684, 685 (10th Cir. 2006).[3] Rule 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The good cause standard to set aside an entry of default is lower than the standard to set aside a default judgment. Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997).

> The principal factors in determining whether a defendant has met the good cause
> standard are (1) whether the default was the result of culpable conduct of the

---

[3] This and other unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

2

> defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense.

Hunt v. Ford. Motor Co., 65 F.3d 178, at *3 (10th Cir. Aug. 29, 1995) (unpublished) (citing In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992)); see also United States v. Timbers Preserve, Routt Cnty., Colo., 999 F.2d 452, 454 (10th Cir. 1993), abrogated on other grounds by Degen v. United States, 517 U.S. 820 (1996). "These factors are not 'talismanic'"; the court need not consider all three of the factors, and it may consider other factors as well. Hunt, 65 F.3d at *3.

The factors weigh in favor of vacating the entry of default. Although defendant's counsel's inability to review the complaint played a large role in defendant's failure to answer, so too did plaintiff's counsel's failure to respond to defendant's counsel's e-mail. Plaintiff would not be prejudiced if the default were set aside, as litigation has just begun. There is as yet no schedule, and this Court has not entered default judgment. See Wachovia Bank, N.A. v. Bank of Okla., N.A., No. CIV-06-0263-F, 2006 WL 1451391 (W.D. Okla. May 22, 2006) (finding no prejudice where the case had been filed one month before the default and where the court had yet to create a schedule or enter default judgment). Further, defendant states that it has a meritorious defense to plaintiff's claim, Dkt. # 10, at 7, and its description of that defense includes facts that go beyond "mere allegations that a defense exists." Barta v. Long, 670 F.2d 907, 910 (10th Cir. 1982) (quoting Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970)). The Court concludes that defendant has demonstrated good cause under Rule 55(c) to vacate the entry of default.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate the entry of default, Dkt. # 10, is hereby **granted**.

**IT IS FURTHER ORDERED** that the entry of default, Dkt. # 7, is hereby **vacated**.

**IT IS FURTHER ORDERED** that defendant shall file its answer or other responsive pleading no later than **November 25, 2014.**

**DATED** this 18th day of November, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE